IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 18-41047
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDDIE VAN GREEN, JR.,

Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CR-294-1

_____

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Eddie Van Green, Jr. appeals his jury convictions and sentences for one count of conspiracy to transport an undocumented alien and five counts of transporting an undocumented alien for financial gain. Green contends that the trial evidence was insufficient to prove that he knew of the presence or alienage of 35 undocumented persons discovered in his trailer at a border checkpoint, that he had the requisite intent to form a conspiracy to transport

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41047

undocumented aliens, or that he sought to profit or gain financially from his endeavor.  We affirm.

Green's sufficiency arguments overlook the rule that the trial evidence must be viewed "in the light most favorable to the prosecution," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and need not "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt…," *United States v. Lewis*, 774 F.3d 837, 841 (5th Cir. 2014) (internal quotation marks and citation omitted).  Based on the combined testimony of the Government's witnesses, the jury could reasonably infer that Green both knew the aliens were in his trailer and knew of or recklessly disregarded their unlawful status.  *See United States v. Chon*, 713 F.3d 812, 818-19 (5th Cir. 2013).  And it was free to discredit Green's implicit claim that 35 aliens were discreetly loaded into his trailer while he napped unaware.  *See United States v. Mendoza*, 522 F.3d, 482, 489 (5th Cir. 2008).  Because the jury's construction of the evidence was reasonable, *see United States v. Meza*, 701 F.3d 411, 422-23 (5th Cir. 2012), its findings that Green was a knowing participant in the alien transport conspiracy and that he knowingly transported undocumented aliens were not irrational, *see United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir. 2005).

Furthermore, notwithstanding the absence of direct evidence of financial motive, the jury could "reasonably infer [Green's] financial purpose from the quantum of the Government's circumstantial proof."  *United States v. Garcia*, 888 F.3d 570, 575 (5th Cir.), *cert. denied*, 138 S. Ct. 2006 (2018); *see* 8 U.S.C. § 1324(a)(2)(B)(ii).  Jurors could reasonably infer both that Green did not previously know the individuals being smuggled and that others in the same smuggling operation had received or would receive money for their efforts.  *See United States v. Ruiz-Hernandez*, 890 F.3d 202, 210 (5th Cir. 2018); *Garcia* 883

No. 18-41047

F.3d at 576. Thus, their finding that Green acted with a financial motive was not irrational. *See Lopez-Urbina*, 434 F.3d at 757.

The evidence suffices to support the verdicts in this case. The judgment is AFFIRMED.